# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DERRICK LEE BILLUPS,<br><br>    Plaintiff,<br><br>    v.<br><br>J. HOWARD, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:04-CV-5107-AWI DLB-P<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED AND THIS ACTION BE DISMISSED, WITHOUT PREJUDICE, BASED ON PLAINTIFF'S FAILURE TO EXHAUST<br><br>(Doc. 39) |

I.   Defendant's Motion to Dismiss

   A.   Procedural History

Plaintiff Derrick L. Billups ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's second amended complaint against defendants Howard, Kramer and Tennsion ("defendants") for deliberate indifference ot his serious medical needs in violation of the Eighth Amendment. On May 3, 2007, pursuant to the unenumerated portion of Federal Rule of Civil Procedure 12(b), defendants filed a motion to dismiss based on plaintiff's failure to exhaust the available administrative remedies. Plaintiff filed an opposition to the motion on May 21, 2007 and defendants filed a reply on May 22, 2007.[1]

///

---

[1] Plaintiff was provided with notice of the requirements for opposing an unenumerated Rule 12(b) motion on May 3, 2007. Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (Doc. 41.)

1

B.     Exhaustion Requirement

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002). Prisoners must complete the prison's administrative process, regardless of the relief sought by the prisoner and regardless of the relief offered by the process, as long as the administrative process can provide some sort of relief on the complaint stated. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which defendants have the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated Rule 12(b) motion, rather than a summary judgment motion. Wyatt, 315 F.3d at 1119 (citing Ritza v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)). In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look beyond the pleadings and decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. If the Court concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. Id.

C.     Discussion

Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs upon his arrival at Sierra Conservation Center on October 25, 2002. Defendants move to dismiss this action on the ground that plaintiff did not exhaust the claims against them, as mandated by section 1997e(a). In support of their motion, defendants submit evidence that plaintiff did not exhaust any appeals at the Director's Level involving claims against defendants Kramer, Howard or Tennison with regard to his allegations that these defendants failed to provide adequate medical

1 to him at Sierra Conservation Center. Grannis Dec., ¶7-9.

2     The Court finds that defendants have met their burden as the party moving for dismissal. The burden therefore shifts to plaintiff to set forth evidence demonstrating that he satisfied the exhaustion requirement.

    In his opposition, plaintiff sets forth numerous arguments, none of which is availing. Plaintiff contends that defendants "were aware of his medical problems" based on exhausted appeal Log. ISP 03-542, which he attaches to his opposition. However, this appeal relates to alleged deliberate indifference by an MTA at Ironwood State Prison prior to plaintiff's transfer to Sierra Conservation Center. Plaintiff also attaches appeal Log No. SCC 04-0038 to his opposition in which he complains about his medical care and his need for surgery. However, this appeal was submitted on December 15, 2003, partially granted at the second level on February 23, 2004 and denied at the Director's Level on June 15, 2004. As discussed, exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

    Plaintiff has not submitted any evidence demonstrating that he exhausted his claim against defendants. The appeals submitted by plaintiff do not concern the failure of defendants to provide plaintiff with medical treatment while plaintiff was at Sierra Conservation Center or they were exhausted after plaintiff filed this action. Accordingly, defendants' motion to dismiss shall be granted.

### D.   Conclusion

    For the foregoing reasons, the Court finds that plaintiff did not exhaust the available administrative remedies concerning his claim against defendants. Accordingly, the Court HEREBY RECOMMENDS that defendants' unenumerated Rule 12(b) motion, filed May 3, 2007, be GRANTED and this action be dismissed, without prejudice, based on plaintiff's failure to exhaust the available administrative remedies.

    These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's

Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

**Dated:**    **December 18, 2007**               **/s/ Dennis L. Beck**
                                                        UNITED STATES MAGISTRATE JUDGE